# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KEITH WILLIAMS, | ) | |
| ID # 1872362, | ) | |
| Movant, | ) | No. 3:15-CV-3222-N-BH |
| vs. | ) | No. 3:13-CR-0321-N (2) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

## I. BACKGROUND

Keith Williams (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-321-N(2). The respondent is the United States of America (Government).

On August 20, 2013, Movant was charged by indictment with sex trafficking of children in violation of 18 U.S.C. § 1591(a), (b)(2). (*See* doc. 1.)[1] He pled guilty under a plea agreement on February 25, 2014. (*See* docs. 30, 74.) Movant admitted that he and a co-defendant committed sex trafficking of a person under 18 years old, and that they used a website to advertise the child's availability to engage in commercial sex acts. (*See* doc. 29 at 2-4.)

### A. Presentence Report and Sentence

On May 19, 2014, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2013 United States Sentencing Guidelines Manual (USSG). (*See* doc. 48-1 at

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-321-N(2).

6, ¶ 24.) The base offense level was 30. (*See id.*, ¶ 25.) Two offense levels were added under USSG § 2G1.3(b)(3) because the offense involved the use of a computer to or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. (*See id.*, ¶ 26.) Another two levels were added under USSG §2G1.3(b)(4)(A) because the offense involved the commission of a sex act. (*See id.*, ¶ 27.) The total offense level was 34. (*See id.*, ¶ 31.) The PSR found that Movant was a career offender because he had two prior felony convictions for a crime of violence or a controlled substance offense, and that as a career offender, his offense level under USSG § 4B1.1(b)(1) was 37. (*See id.* at 6, ¶ 32; 10-11, ¶ 45-46.) That offense level was used to determine the guideline range because it was the greater offense level. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 34. (*See id.* at 6-7, ¶¶ 33-35.) His criminal history category was six, and the resulting guideline range was 262-327 months of imprisonment. (*See id.* at 15, ¶ 79.)

On September 29, 2014, Movant was sentenced to 262 months' imprisonment. (*See* docs. 66 at 2, 75 at 9.) He did not appeal.

**B.     Substantive Claims**

In his original and amended motions to vacate, Movant raises the following grounds:

(1)  He was improperly sentenced as a career offender because a prior conviction was considered a crime of violence, but the language regarding a crime of violence was vague in light of *Johnson*;

(2)  He should not have received a two level increase for custody and control of the victim;

(3)  Counsel was ineffective for failing to object to the lack of evidence to support the two-level increase for using a computer or interactive computer service.

(3:15-CV-3222-N, docs. 2 at 4-7; 19 at 1-2.) The Government filed a response on December 7, 2015. (*Id.*, doc. 8.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments."  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

## III.  *JOHNSON* CLAIM

Movant contends that the use of a prior conviction for a crime of violence to increase his sentence under the sentencing guidelines violated his right to due process under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the

residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under the ACCA. His offense level as a career offender was based on USSG § 4B1.2(a) because of a prior conviction for a crime of violence. The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017). Movant is therefore not entitled to relief on this claim.

## IV. SENTENCE ENHANCEMENT – CUSTODY AND CONTROL

Movant contends that his sentence should not have been enhanced for having custody and control of the victim.

Movant's claim regarding the enhancement of his sentence under United States Sentencing Guidelines is not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in a § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."). It also lacks merit because there was no enhancement or offense level increase for having custody and control of the victim. Movant is not entitled to relief on this claim.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims that his trial counsel was ineffective for failing to object to the enhancement

for using a website for the offense because there was no evidence that he used the website.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466

U.S. at 695-96.

To show prejudice in the sentencing context, the petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Before deducting offense levels for acceptance of responsibility, the PSR calculated an offense level of 34, including a two-level increase for using a computer or interactive computer service. That offense level was not used to determine the guideline range, however, because the career offender offense level of 37 was greater. The use of a computer or interactive computer service was not a factor in setting the base offense level at 37. Moreover, there was evidence to support the increase in calculating the offense level of 34. Movant admitted in the factual resume that he advertised on a website that the victim was available to engage in commercial sex acts. An objection would have lacked merit. Counsel was not ineffective for failing to raise a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). Movant is not entitled to relief on this claim.

## VI.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VII.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 24th day of August, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE